UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIGHTERGY LOUISIANA, LLC                          CIVIL ACTION

VERSUS                                             NO: 20-2018

GALCAN ELECTRIC & GENERAL
CONTRACTING, LLC                                   SECTION: "A" (2)

### ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 50)** filed by the plaintiff, Brightergy Louisiana, LLC d/b/a Influent Energy ("Influent"). Defendant, third-party plaintiff, and plaintiff in counter-claim, GalCan Electric & General Contracting, LLC, ("GalCan") opposes the motion. The motion, submitted for consideration on January 20, 2021, is before the Court on the briefs without oral argument.

On October 2, 2017, Influent and Entergy New Orleans, Inc. ("Entergy") entered into a contract for Distributed Generation Program Engineering, Procurement, and Construction pertaining to the installation of solar panels at various sites. The Court will refer hereinafter to this contract as "the Master Agreement." (Rec. Doc. 50-4, Exhibit A).

To effectuate the project, Entergy leased the rooftop of buildings owned by the New Orleans Regional Transit Authority ("RTA") for the installation of solar panels.

Influent then entered into a Subcontract Agreement with GalCan (Rec. Doc. 50-4, Exhibit B) in order to satisfy its obligations under the Master Agreement. The Master Agreement is an exhibit to the Subcontract Agreement, and that latter document makes

1

clear that GalCan was bound by each and every covenant, obligation, and provision contained in the Master Agreement, to the same extent that Influent was bound. One of the Master Agreement's provisions was an obligation to ensure that no liens of any kind were created on the property at issue in the contract.

Influent ultimately became dissatisfied with GalCan's performance under the Subcontract Agreement and it terminated that contract on March 16, 2020. On June 18, 2020, GalCan filed a Labor and Material Lien and Statement of Claim (at times "the Lien") against property located at 8225 Willow Street in New Orleans stating that $347,499.09 is owed. The Willow Street property is owned by RTA.[1] Influent was required to file a release bond in the amount of $434,373.86 in order to secure release of GalCan's lien.[2] (Rec. Doc. 50-6, Exhibit C).

Influent filed the main demand against GalCan to pursue damages for breach of contract and to challenge the lien that GalCan filed against RTA's property on Willow Street, which Influent contends was done in breach of the Subcontract Agreement. GalCan answered the complaint and it filed (in addition to a counterclaim against Influent) third-party demands against Entergy New Orleans, Inc. and RTA.

Influent now moves for summary judgment on the issue of whether the Lien was filed in violation of the Subcontract Agreement. Assuming that GalCan breached the

---

[1] As the Court noted in a previous ruling, the complaint references property located at 8201 Willow Street in New Orleans; the same address is stated in the Subcontract Agreement. The Lien was filed against the property located at 8225 Willow Street in New Orleans. (Rec. Doc. 50-7 Exhibit D). The specific property address is not material to any issue currently before the Court.

[2] Influent advises that it risked not being paid by Entergy as a result of GalCan's lien against RTA's property.

2

Subcontract Agreement by filing the lien, Influent moves the Court to order GalCan to take all necessary steps to have Influent's lien bond released and cancelled, and to hold GalCan liable for all associated costs, damages, expenses, and attorney's fees associated with the Lien, the quantum of which will be determined at a later date.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (*citing Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

When faced with a well-supported motion for summary judgment, Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues precluding summary judgment. *Jones .v Sheehan, Young, & Culp, P.C.*,

82 F.3d 1334, 1338 (5th Cir. 1996). The district court has no duty to survey the entire record in search of evidence to support a non-movant's position. *Id.* (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992); *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988)).

GalCan does not and cannot refute Influent's interpretation of the terms of the Subcontract Agreement and the Master Agreement—in other words, GalCan did contractually waive the right to file the Lien. But GalCan relies upon *Shaw Constructors v. ICF Kaiser Engr's, Inc.*, 395 F.3d 533 (5th Cir. 2004), and Louisiana Civil Code article 2018, for the legal proposition that when Influent "dissolved" the subcontract GalCan was released from the contractual prohibition against filing any liens because upon dissolution the parties were put in the same position that they were in before they contracted. Thus, according to GalCan, having been released from the contract by Influent's own actions, GalCan could not possibly have breached the Subcontract Agreement or the Master Agreement by filing the Lien.

Under Louisiana law, "[u]pon dissolution of a contract, the parties shall be restored to the situation that existed before the contract was made." La. Civ. Code art. 2018. And when dissolution occurs and the parties are placed in their pre-contract positions, a party like GalCan may be relieved of its contractual waiver to file a lien. *See Shaw Constructors, supra.* But simply terminating a contract as to prospective performance does not ipso facto put the parties in the same position that they were in before they contracted, and it does not effect a dissolution of the contract so as to relieve the parties of their respective contractual obligations. To the extent that GalCan argues otherwise, GalCan is confusing dissolution of a contract with termination of a

4

contract according to its terms. Section 13 of the Subcontract Agreement granted Influent the unilateral right to terminate the contract with or without cause, and when the contract is terminated or expires its terms and conditions (like the prohibition on filing liens) remain in effect per Section 13(e). (Rec. Doc. 50-5, Exhibit B at 6). Whether Influent terminated the contract with or without cause is not a material issue to the question presented in the motion for summary judgment.

That said, the importance of the *Shaw Constructors* decision to this case, and the persuasiveness of the cited district court case of *Industrial Mechanical Contractors, Inc. v. Polk Construction Corp.*, No. 14-513, 2014 WL 2719462 (E.D. La. June 16, 2014), is that where a material breach of the contract occurs, a party may have grounds to seek judicial dissolution of the contract and thereby be relieved of the lien waiver. Additionally, "according to the circumstances," when an obligor fails to perform, the obligee may regard the contract as dissolved. La. Civ. Code art. 2013.

GalCan contends that it filed the Lien because Influent did not pay money owed under the Subcontract Agreement before it was terminated. GalCan contends that this constituted a material breach of the contract which relieved GalCan of the otherwise enforceable lien waiver obligation.

The Statement of Uncontested Material Facts that Influent filed in support of summary judgment, (Rec. Doc. 50-2), demonstrates that Influent's summary judgment motion is premised solely upon the terms of the Subcontract Agreement and the Master Agreement. But the Court is persuaded that there exists a disputed issue of fact as to whether GalCan was owed additional money for work performed under the Subcontract Agreement before it was terminated, and that this disputed fact is material to whether

5

GalCan breached its contract with Influent when it filed the Lien. Because the failure to pay money owed under the contract, if this did in fact occur, may *potentially* rise to the level of a material breach, which may then allow GalCan to pursue judicial dissolution, *which if granted* would relieve GalCan of the lien waiver, summary judgment must be denied at this time. Further, the Court is no position at this juncture to determine that the circumstances in this case permitted GalCan to regard the contract as dissolved (in the absence of judicial dissolution) when it filed the Lien.

In sum, Influent's motion for summary judgment must be denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the : **Motion for Summary Judgment (Rec. Doc. 50)** filed by the plaintiff, Brightergy Louisiana, LLC d/b/a Influent Energy is **DENIED**.

January 25, 2021

*[signature]*

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE