UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIGHTERGY LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 20-2018 |
| GALCAN ELECTRIC & GENERAL CONTRACTING, LLC | SECTION: "A" (2) |

### ORDER AND REASONS

The following motion is before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 86)** filed by the Defendant, third-party plaintiff, and plaintiff in counter-claim, GalCan Electric & General Contracting, LLC ("GalCan"). The plaintiff, Brightergy Louisiana, LLC d/b/a Influent Energy ("Influent"), opposes the motion. The motion, submitted for consideration on July 21, 2021, is before the Court on the briefs without oral argument.

On October 2, 2017, Influent and Entergy New Orleans, Inc. ("Entergy") entered into a contract for Distributed Generation Program Engineering, Procurement, and Construction pertaining to the installation of solar panels at various sites. The Court will refer hereinafter to this contract as "the Master Agreement." (Rec. Doc. 50-4, Exhibit A).

To effectuate the project, Entergy leased the rooftop of buildings owned by the New Orleans Regional Transit Authority ("RTA") for the installation of solar panels.

Influent then entered into a Subcontract Agreement with GalCan (Rec. Doc. 50-4, Exhibit B) in order to satisfy its obligations under the Master Agreement. The Master Agreement is an exhibit to the Subcontract Agreement, and that latter document makes

1

clear that GalCan was bound by each and every covenant, obligation, and provision contained in the Master Agreement, to the same extent that Influent was bound. One of the Master Agreement's provisions was an obligation to ensure that no liens of any kind were created on the property at issue in the contract.

Influent ultimately became dissatisfied with GalCan's performance under the Subcontract Agreement and it terminated that contract on March 16, 2020. On June 18, 2020, GalCan filed a Labor and Material Lien and Statement of Claim (at times "the Lien") against property located at 8225 Willow Street in New Orleans stating that $347,499.09 is owed. The Willow Street property is owned by RTA.[1] Influent was required to file a release bond in the amount of $434,373.86 in order to secure release of GalCan's lien.[2] (Rec. Doc. 50-6, Exhibit C).

Influent filed the main demand against GalCan to pursue damages for breach of contract and to challenge the lien that GalCan filed against RTA's property on Willow Street, which Influent contends was done in breach of the Subcontract Agreement. GalCan answered the complaint and it filed (in addition to a counterclaim against Influent) third-party demands against Entergy New Orleans, Inc. and RTA.

On January 25, 2021, the Court denied Influent's motion for summary judgment explaining why Influent could not obtain judgment as a matter of law on its breach of contract claim (the specific breach being GalCan's filing of the Lien) at that time. (Rec.

---

[1] As the Court has previously noted, there are references in the record to property located at 8201 Willow Street in New Orleans. This case involves the Lien filed against the property located at or near 8225 Willow Street in New Orleans, which is RTA's Carrollton Station.

[2] Influent advises that it risked not being paid by Entergy as a result of GalCan's lien against RTA's property.

Doc. 60, Order and Reasons).

On March 11, 2021, the Court granted in part and denied in part GalCan's motion for partial summary judgment on the issue of indemnity under Sections 10 and 11 of the Subcontract Agreement. (Rec. Doc. 77, Order and Reasons).

GalCan now moves for partial summary judgment on the issue of whether it was subject to a binding contractual prohibition on filing the Lien on the Willow Street property. The basis of GalCan's motion is that the Master Agreement was a nullity because Influent did not have a contractor's license when it executed the contract with Entergy.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

The Court is persuaded that GalCan's motion for partial summary judgment presents a legal issue of contractual interpretation, and that no facts material to the contractual analysis are in dispute. For purposes of the instant motion, the Court will assume without deciding that the Master Agreement between Entergy and Influent was a nullity since Influent did not have a contractor's license when the agreement was executed. The Court further assumes that the Master Agreement is not subject to cure or ratification even though Entergy and Influent continued to perform under the

agreement after Influent had obtained the proper license.[3]

If the only point of incorporation for the lien prohibition from the Master Agreement was in Part I (SERVICES) of the Subcontract Agreement, then GalCan might be entitled to relief. That provision states in pertinent part: "**Subcontractor shall be bound to the same extent that Influent Energy is bound by each and every covenant, obligation and provision of said master Agreement . . . .**" (Rec. Doc. 64-2 at 3) (emphasis in original). The "to the same extent" language might be determinative. But the foregoing language is not the only point of incorporation for the lien prohibition from the Master Agreement because the Terms and Conditions of the Subcontract Agreement state in § 1: "**Subcontractor agrees that all the terms and conditions of the Master Agreement applicable to the provision of the Services are hereby incorporated by reference into this Agreement, and Subcontractor hereby agrees to comply with all applicable terms and conditions in the Master Agreement.**" (*Id.* at 5) (emphasis in original). The Court agrees with Influent's contention this language expressly incorporated the terms and conditions of the Master Agreement into the parties' subcontract if they had been "re-typed" into the document and without regard to whether the Master Agreement itself was enforceable by either of the parties to that agreement.

In sum, the motion for partial summary judgment is denied.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc.**

---

[3] It is the Court's understanding that Influent had obtained the proper license by the time that it entered into the Subcontract Agreement with GalCan.

4

**86)** filed by the Defendant, third-party plaintiff, and plaintiff in counter-claim, GalCan Electric & General Contracting, LLC, is **DENIED** as explained above.

July 26, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE