UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIGHTERGY LOUISIANA, LLC | CIVIL ACTION |
| VERSUS | NO: 20-2018 |
| GALCAN ELECTRIC & GENERAL CONTRACTING, LLC | SECTION: "A" (2) |

## ORDER AND REASONS

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 126)** and **Motion for Partial Summary Judgment (Rec. Doc. 127)**, both filed by the Defendant, third-party plaintiff, and plaintiff in counter-claim, GalCan Electric & General Contracting, LLC ("GalCan"). The plaintiff, Brightergy Louisiana, LLC d/b/a Influent Energy ("Influent"), opposes the motions. The motions, submitted for consideration on March 2, 2022, are before the Court on the briefs without oral argument.[1]

On October 2, 2017, Influent and Entergy New Orleans, Inc. ("Entergy") entered into a contract for Distributed Generation Program Engineering, Procurement, and Construction pertaining to the installation of solar panels at various sites. The Court will refer hereinafter to this contract as "the Master Agreement." (Rec. Doc. 50-4, Exhibit A).

---

[1] The Court held the motions under submission until after the parties' second settlement conference with the magistrate judge. (Rec. Doc. 138, Minute Entry). This settlement conference followed the principals' conference that the parties attended in this Court's chambers on January 20, 2022. (Rec. Doc. 120, Minute Entry). On March 14, 2022, the magistrate judge entered a minute entry noting that the second settlement conference "concluded with the parties leaving open a proposed resolution, with a response due by 9:00 am tomorrow morning." (Rec. Doc. 146, Minute Entry). It is the Court's understanding, however, that the resolution was not acceptable to all parties and therefore the matter is not resolved.

Page | 1

To effectuate the project, Entergy leased the rooftop of buildings owned by the New Orleans Regional Transit Authority ("RTA") for the installation of solar panels.

Influent then entered into a Subcontract Agreement with GalCan (Rec. Doc. 50-4, Exhibit B) in order to satisfy its obligations under the Master Agreement. The Master Agreement is an exhibit to the Subcontract Agreement, and that latter document makes clear that GalCan was bound by each and every covenant, obligation, and provision contained in the Master Agreement, to the same extent that Influent was bound. One of the Master Agreement's provisions was an obligation to ensure that no liens of any kind were created on the property at issue in the contract.

Influent ultimately became dissatisfied with GalCan's performance under the Subcontract Agreement and it terminated that contract on March 16, 2020. The parties are in agreement that the termination was pursuant to the *without* cause aspect of the Subcontract Agreement, Section 13(a). On June 18, 2020, GalCan filed a Labor and Material Lien and Statement of Claim (at times "the Lien") against property located at 8225 Willow Street in New Orleans stating that $347,499.09 is owed.[2] The Willow Street property is owned by RTA. Influent was required to file a release bond in the amount of $434,373.86 in order to secure release of GalCan's lien.[3] (Rec. Doc. 50-6,

---

[2] Part IV of the Subcontract Agreement recites an agreed to fee amount of $223,640 for GalCan to perform the services required by the agreement. It is Influent's position that GalCan manufactured illegitimate invoices based on change orders that were not approved in accordance with the contractual requirements. Influent also claims that GalCan took and refused to return property belonging to Entergy that had a value of $22,781.88. Influent adds that a new vendor was able to complete the project for a total payment of $152,939.98, of which $23,919.99 was related to correcting certain aspects of GalCan's work. (Rec. Doc. 128, Opposition at 4).
   GalCan disputes these contentions.

[3] Influent advises that it risked not being paid by Entergy as a result of GalCan's lien against

Page | 2

Exhibit C).

Influent filed the main demand against GalCan to pursue damages for breach of contract and to challenge the lien that GalCan filed against RTA's property on Willow Street, which Influent contends was done in breach of the Subcontract Agreement. GalCan answered the complaint and it filed (in addition to a counterclaim against Influent) third-party demands against Entergy New Orleans, Inc. and RTA.[4]

On January 25, 2021, the Court denied Influent's motion for summary judgment explaining why Influent could not obtain a judgment as a matter of law on its breach of contract claim (the specific breach being GalCan's filing of the Lien) at that time. (Rec. Doc. 60, Order and Reasons).

On March 11, 2021, the Court granted in part and denied in part GalCan's motion for partial summary judgment on the issue of indemnity under Sections 10 and 11 of the Subcontract Agreement. (Rec. Doc. 77, Order and Reasons).

On July 26, 2021, the Court denied GalCan's motion for partial summary judgment on the issue of whether it was subject to a binding contractual prohibition on filing the Lien on the Willow Street property. (Rec. Doc. 94, Order and Reasons). The basis of that motion was GalCan's contention that the Master Agreement was a nullity because Influent did not have a contractor's license when it executed the contract with Entergy. GalCan filed a motion for reconsideration, which the Court denied. (Rec. Doc.

---

RTA's property.

[4] Influent has asserted claims for declaratory relief, including for damages; breach of contract and for damages; and wrongful lien with damages. (Rec. Doc. 128, Opposition at 5 n.23). Influent advises that the parties have agreed to forego their respective claims for business interference. (*Id.*).

114, Order).

On August 11, 2021, the Court denied GalCan's motion for partial summary judgment, wherein GalCan moved once again for partial summary judgment on the issue of whether it was subject to a binding contractual prohibition on filing the Lien on the Willow Street property. This time the basis of GalCan's motion was its contention that the rooftop lease agreement between Entergy and RTA was a nullity because Entergy did not have a contractor's license when it executed the contract with RTA. The Court denied that motion. (Rec. Doc. 103, Order and Reasons).

This matter will be tried to a jury on September 12, 2022.[5] (Rec. Doc. 125, Minute Entry).

GalCan now has before the Court two more motions for partial summary judgment, one of which seeks yet again a ruling that GalCan was not contractually prohibited from filing a lien against RTA's property. GalCan argues that the Master Agreement and the Subcontract Agreement must be read together and that once they are read together as one document it becomes clear that Section 26.2 of the Master Agreement did not prohibit GalCan from filing the lien at issue, and therefore all of Influent's causes of action—grounded on the contention that GalCan filed the Lien in contravention of the contract—should be dismissed.[6]

---

[5] On January 24, 2022, the Court instructed its law clerk to advise counsel that the Court would consider granting a consent motion to strike the jury if both sides were amenable to proceeding in that manner and if the motion was filed prior to the scheduling conference. The parties were not able to agree on this point so the case will be tried to a jury.

[6] For the first time since this nearly two year-old case has been pending, GalCan has now referred to the Lien in its briefing as a Sworn Statement of Claim, which is not the title of the document, (Rec. Doc. 126-4, Labor and Material's Lien and Statement of Claim), and it

Page | 4

In opposition, Influent characterizes GalCan's motion as yet another attempt to contort the clear and unambiguous terms of the governing agreements in order to avoid its obligations. In fact, Influent is adamant in that GalCan's motion is nothing more than a thinly disguised motion for reconsideration through which GalCan seeks to relitigate the prior motions that were resolved to its dissatisfaction. Beyond that, Influent argues that the Master Agreement and Subcontractor Agreement when read as a whole—which has been the Court's approach since the inception of this case—unambiguously prohibit any liens to be filed by anyone. GalCan's position, which would make it the sole exception to that prohibition, is absurd.

GalCan's motion for partial summary judgment is denied. GalCan's latest motion, which is clearly an attempt to re-litigate what the Court has already addressed, seeks to rewrite the Master Agreement and the Subcontract Agreement by mischaracterizing the Court's prior rulings, and suggesting that the timing of orders of the Court and arguments by Influent have altered the contractual obligations of the parties, in particular the prohibition on filing liens. The Court's prior rulings did read the Master Agreement and the Subcontract Agreement together, and the Court has already explained why GalCan was contractually prohibited from filing the Lien. Adopting GalCan's position, which would read Section 10 of the Subcontract Agreement and Section 26.2 of the Master Agreement together to somehow exempt GalCan from the

---

characterizes the Lien as being filed pursuant to the Louisiana Public Works Act, which is not referenced anywhere in the Lien. Rather, the Lien expressly cites La. R.S. § 9:4861, *et seq.*, La. R.S. § 9:4801, *et seq.*, and La. R.S. § 9:4501, *et seq.* (*Id.*). The Lien was filed in the mortgage records of the Clerk of Court for the Civil District Court for the Parish of Orleans.

Lien waiver, would lead to an absurd result.

GalCan's other motion for partial summary judgment seeks a ruling that Influent cannot seek damages for the remedial work that it paid for after GalCan was terminated, or the cost to complete the work by using another contractor.[7] GalCan argues that because Influent terminated the contract without cause, such recovery is not permitted. GalCan's argument is based on the assertion that the Master Agreement and the Subcontract Agreement are in conflict on the issue of recovery for remedial work and completion costs, and that the Master Agreement constitutes the later of the two agreements and therefore controls the issue.

This latest argument of GalCan's is patently absurd and legally frivolous. The Master Agreement was executed in 2017. The Subcontract Agreement was executed in 2019. The remedy provisions of the two documents are not in conflict. The motion for partial summary judgment is denied.[8]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 126)** and **Motion for Partial Summary Judgment (Rec. Doc. 127)**, both filed by the Defendant, third-party plaintiff, and plaintiff in counter-claim, GalCan Electric & General

---

[7] Influent has clarified in its opposition that it actually has not made a demand for the amount that it paid to South Coast Solar to complete the project. (Rec. Doc. 129, Opposition at 7).

[8] The Court reminds GalCan that this case was supposed to be tried in December 2021, but the Court granted its motion to continue on September 8, 2021, based on the difficulties caused by Hurricane Ida. (Rec. Doc. 112, Order). The purpose of that continuance and the entry of a new scheduling order was to remedy the delays caused by Ida, not to provide additional time to file motions that should have been brought at the inception of the case, where the failure to do so had nothing to do with hurricane delays.

Contracting, LLC are **DENIED**.

**IT IS FURTHER ORDERED** that counsel for the parties shall contact the assigned magistrate judge for a follow-up settlement conference, which shall take place by **May 6, 2022**.

March 31, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE